**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIK CARBALLO-FIGUEROA,<br><br>                    Petitioner,<br><br>   v.<br><br>PATRICK DIVVER, *et al.*,<br><br>                  Respondents. | Case No. 26-cv-2984-BAS-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 requesting immediate release or a bond hearing. (ECF No. 1.) The Government responded to the Petition, acknowledging that Petitioner is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). (ECF No. 4.) Petitioner replies asking that Petitioner be released immediately or that a bond hearing be held in less than 14 days. (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition to the extent it requests a bond hearing and orders that Petitioner be given a bond hearing within 7 days.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in

custody in violation of the Constitution or Federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   ANALYSIS

Petitioner, a Mexican citizen, last entered the United States in 2011 without inspection. (Petition, ECF No. 1 ¶ 26.) Immigration and Customs Enforcement ("ICE") arrested him on April 23, 2026, in the interior of the United States. (*Id*. ¶ 27.) Since his arrest, Department of Homeland Security ("DHS") has refused to grant his request for a bond hearing, presumably relying on *In the Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id*. ¶ 1.)

The Central District of California has certified a class of which Petitioner is a member and essentially overruled *Yajure Hurtado. Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025).  Although the Ninth Circuit has stayed certification of this class outside the Central District of California, this Court has previously held in multiple cases that it agrees with the court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-3322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Duniesky Martinez Zayas v. Adam Gordon*, No. 26-cv-237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Benito Aguilar Trujillo v. Kristin Noem*, No. 26-cv-268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).  The Government concedes that Petitioner is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). (ECF No. 4.)

## III.   CONCLUSION

For all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition. Although the Government requests that it be given 14 days to hold a bond hearing, it has been aware of the opinion in *Maldonado-Bautista* since November 2025, yet it still requires a habeas petition to enforce the order out of the Central District of California. In

26cv2984

addition, this Petition was filed two weeks ago on May 12, 2026, so specifically as to this Petitioner, the Government has been aware of the need to provide him a bond hearing since then. Hence, the Government has had plenty of time despite its heavy caseloads and staffing levels to schedule a bond hearing.

Because Petitioner has not been previously released from immigration custody with conditions in place, the Court does not find immediate release is appropriate.

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Erik Carballo-Figueroa (A#200-566-248) within 7 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a) not § 1225(b)(2). If no bond hearing is held within 7 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: May 27, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2984